## HEATHERLY v. RECORD.

There is no doubt, as a general rule, that parol cotemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument; but there is as little doubt that a new and distinct agreement upon a new consideration may be established by (parol) proof, whether it be a substitute for the old, or in addition to, or beyond it.

Where the plaintiff claimed $290, and the defendant pleaded payment of $193 50, and a set-off of $25, and there was no statement of facts, the Court said, These claims must have been allowed by the jury, as the judgment amounts precisely to the balance after they are deducted; the payment reduces the plaintiff's demand below one hundred dollars, and consequently the defendant should have recovered his costs.

Error from Bowie. The defendant in error, James C. Record, sued Henry B. Heatherly upon a written contract for the rent of land. The defence set up was deception practised by the former as to the quality of the land, a subsequent parol contract, and a discount and payment. By the original contract, the defendant stipulated to pay two dollars per acre for that cultivated in cotton, and ten bushels per acre for that cultivated in corn. By the substituted contract, he was to pay one-third of the crop by the way of rent; and he alleges that the payments made by him amounted to more than the one-third. The payment and discount being allowed, there was judgment for plaintiff for seventy-one dollars and fifty cents. The defendant in the Court below offered a witness to prove that the written contract was rescinded by the parties and a new one substituted, such as alleged in defendant's answer, which testimony was excluded by the Court.

*S. H. Pirkey*, for plaintiff in error.

*J. A. N. Murray*, for defendant in error.

HEMPHILL, CH. J.   The only errors which will be noticed
4

are, 1st, the exclusion of the evidence to prove the substituted contract, and 2nd, the recovery of costs by the plaintiff.

There is no doubt, as a general rule, that parol cotemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument; but there is as little doubt that a new and distinct agreement, upon a new consideration, may be established by proof, whether it be a substitute for the old, or in addition to, or beyond it. Where the abandonment of the old contract is mutual, the new is valid either as a ground of action or defence. (1 Greenleaf on Evidence, Sec. 303, 304.) There was error, therefore, in the exclusion of the witness who was offered to prove the recision of the old and the substitution of the new contract.

There was error also in allowing costs to the plaintiff.

The plaintiff's demand, as estimated by himself, amounted to two hundred and ninety dollars. The defendant, in effect, alleges payment in corn to the amount of one hundred and ninety-three dollars and fifty cents, and that he made rails to the amount of twenty-five dollars. These claims must have been allowed by the jury, as the judgment amounts precisely to the balance after they are deducted. The payment in corn reduces the plaintiff's demand below one hundred dollars, and consequently, even admitting that the old contract was valid and still subsisting, yet the defendant should have received his costs. Judgment reversed and cause remanded.

Reversed and remanded.