FT. WORTH & R. G. RY. CO. v. WHITESIDE.

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1911. Rehearing Denied Dec. 20, 1911.)

1. CARRIERS (§ 229*)—TRANSPORTATION OF CATTLE—DELAY—DAMAGES—COST OF FEEDING.

Where it became necessary to feed plaintiff's cattle in transit, solely on account of defendant's delay in shipment, defendant was liable to plaintiff for the cost of the feed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

2. CARRIERS (§ 213*)—TRANSPORTATION OF CATTLE—DELAY—BREACH OF CONTRACT.

Where plaintiff predicated his right to recover for delay of his cattle in transit on a breach of defendant's contract to ship the cattle by a specified train, plaintiff was not bound to show that the delay at the starting point was caused by defendant's negligence, but it was sufficient for him to show that defendant

had breached its contract, and that thereby he had been injured in the amount claimed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

3. CARRIERS (§ 213*)—TRANSPORTATION OF CATTLE — DELAY — TRANSPORTATION CONTRACT—BREACH.

Where defendant contracted to ship plaintiff's cattle by a specified train to arrive for a particular market, but failed to do so, plaintiff was not estopped to recover damages accruing by reason of delay in starting the cattle by the fact that he knew when the cattle were shipped that they could not arrive in time for the market contracted for.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

4. CARRIERS (§ 213*)—TRANSPORTATION OF CATTLE—DELAY—BREACH OF CONTRACT.

Where a carrier accepted cattle for shipment in the evening of December 8th, issued its bill of lading therefor, and agreed to ship them out that night on a particular train, so as to arrive at destination the next morning for a particular market, it was liable for whatever damages resulted from its failure to perform such agreement, irrespective of whether it thereafter, within a reasonable time, furnished cars for the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

5. CARRIERS (§ 227*)—TRANSPORTATION OF CATTLE—DELAY—PLEADING.

Where plaintiff sought to recover for delay in the shipment of cattle, alleging that on the night of December 8, 1909, he contracted with defendant to receive the cattle at C. on that night, and to ship them promptly to destination for market on the succeeding day, but that defendant, after receiving the cattle, delayed the shipment, so that they did not leave the starting point until noon the next day and were not delivered at destination until the night of the succeeding day, it sufficiently charged delay in transportation, as distinguished from a mere failure to furnish cars.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 953–956; Dec. Dig. § 227.*]

6. CARRIERS (§. 213*)—TRANSPORTATION OF CATTLE—DELAY—DEFENSES.

In an action against a carrier for breach of a contract to ship plaintiff's cattle by a particular train, so that they would arrive in time for a particular market, it was no defense that the delay was caused by another negligent delay on another part of its road, or by an unexpected or unprecedented rush of business, disorganizing its train service.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

Appeal from District Court, Comanche County; J. M. Reiger, Judge.

Action by E. A. Whiteside against the Ft. Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Ball & Streetman and Kearby & Kearby, for appellant. Goodson & Goodson, for appellee.

RICE, J. Appellee brought this suit against appellant to recover damages suffered by reason of delay in the shipment of 127 head of cattle from Comanche to Ft. Worth,

alleging that on the night of the 8th of December, 1909, he contracted with appellant to receive said cattle at said point on said night and ship the same promptly to Ft. Worth for the market of the 9th; but that said defendant, after receiving said cattle, delayed said shipment, so that it did not leave Comanche until 12 o'clock noon of the next day, and was not delivered at Ft. Worth until the night of the 9th, which was too late for said market, whereby said cattle were so shrunken in weight and injured in salable appearance that he suffered a loss in marketing same, amounting to the sum of $139.-04, for the recovery of which he sued.

After a general and special demurrer and general denial, appellant answered, claiming that the cattle were shipped with immediate dispatch after they were received and loaded upon its cars, arriving at Ft. Worth at the earliest possible time; that no demand for cars was made upon it under the statute; and that the cattle were placed in the pens at Comanche for shipment without previous notice to it, by reason of which it should not be held liable for any damages occasioned by any delay at Comanche. It further pleaded that if any injury resulted to said cattle in transit the same was not due to the negligence of the defendant, but to the inherent viciousness of said cattle. There were other special pleas unnecessary to be mentioned. There was a jury trial, resulting in a verdict and judgment for plaintiff, from which this appeal is prosecuted.

[1] Special demurrers were urged to plaintiff's petition, which claimed $6.80 for feed at Ft. Worth, and $6 for feed at Comanche, which amounts were alleged to be both reasonable and necessary. These demurrers, we think, were properly overruled. It was not necessary to itemize them, as contended for by appellant. If, on account of the delay in the shipment, it became necessary to feed said cattle, then we think plaintiff was entitled to recover therefor (see G., H. & S. A. Ry. Co. v. Tuckett, 25 S. W. 670; Railway Co. v. Nicholson, 61 Tex. 491), for which reason the assignments presenting this question are overruled.

We think the acts of negligence are sufficiently stated, for which reason the third assignment is overruled.

[2] Appellant requested and the court refused to give the following special charge: "You are further requested that you will not, in estimating the amount of damages, if any you may find for the plaintiff under the charge of the court, consider any damage which said cattle may have sustained by reason of being confined in the pens at Comanche from the afternoon of December 8th until about noon, December 9, 1909, nor any expense for feed at Comanche; for in this case the defendant did not accept said shipment of cattle until shortly before noon of Decem-

ber 9, 1909." It is urged that said charge was improperly refused, for the reason that the evidence did not show any negligence on the part of defendant in not transporting said cattle earlier. We think the evidence satisfactorily showed that the cattle were delivered to appellant just before night on December 8th, under a contract with plaintiff to ship them out on the 9 o'clock train that night to Ft. Worth for the market of the 9th, and if they had been so shipped they would have arrived at Ft. Worth at 6 o'clock the next morning; but that the cattle were not shipped until about noon of the next day, and arrived at Ft. Worth on the night of the 9th; that the cattle, by reason of this delay, were injured in marketable appearance and loss in weight. Under these circumstances, we conclude that the charge was properly refused. The plaintiff predicated his right to recover on the breach of his contract of shipment; and therefore it was not necessary for him to show that the delay at Comanche was caused by the negligence of defendant. It was sufficient to show that appellant had breached its contract, and by reason thereof plaintiff was injured in the amount claimed by him. See S. A. & A. P. Ry. Co. v. Chittim, 135 S. W. 747; T. & P. Ry. Co. v. Moore, 119 S. W. 697.

[3] By its sixth assignment, appellant asserts that the court erred in refusing to give its special charge to the effect that, if plaintiff knew that said cattle could not be delivered at Ft. Worth at the time they were shipped out in time for the market of the 9th, and consequently would have to be held overnight at Ft. Worth for the market of the next day, then, if they so believed, they would not consider any damages that may have been sustained to said cattle by reason thereof, and for anything expended for feed on account thereof. Notwithstanding plaintiff knew at the time the cattle were shipped out that they could not arrive in Ft. Worth for the market of the 9th, and failed to undertake to prevent their shipment, he would not be estopped from recovering damages already accrued by reason of the delay in starting said shipment from Comanche, for which reason said special charge was properly refused.

[4] Appellant requested the court to charge the jury, in effect, that if they should believe that after defendant accepted and agreed to transport said cattle from Comanche to Ft. Worth that it could not, with due diligence and ordinary care, have transported them in time for the market of the 9th, then, before they could find for the plaintiff, they must find from a preponderance of the evidence that the defendant failed to furnish cars and transportation for plaintiff's cattle within a reasonable time after the same were offered for transportation; and in determining what is a reasonable time they might take into consideration all of the facts and circum-

stances attending the tendering of the property and the situation of the parties, and from them all determine whether or not such transportation was furnished within a reasonable time; and, unless they should find that such transportation was not furnished within a reasonable time after the cattle were delivered for shipment, they would find for the defendant. This charge, we think, was properly refused, because the undisputed evidence showed that appellant received and accepted the cattle for shipment about the night of December 8th, issued its bill of lading therefor, and agreed to ship them out that night on the 9 o'clock train. This being true, appellant was liable for whatever damages may have resulted, irrespective of whether or not it thereafter, within a reasonable time, furnished cars for said shipment. A failure to comply with its contract, injury being shown, was sufficient to authorize a recovery therefor against it (see S. K. Ry. Co. v. Sample, 109 S. W. 417), for which reason said special charge was properly refused.

[5] Appellant assails the charge of the court in the third paragraph thereof, wherein it submits the issue of delay in shipment, because it contends that the plaintiff failed to allege any delay on the part of the company in transportation, but only alleged the failure to furnish cars, whereby the charge should have limited the consideration of the jury to the question of delay in furnishing cars, and should not have submitted the issue of delay in transportation. We differ with appellant in reference to this contention. We think both the pleading and the evidence justified the charge of the court, for which reason this assignment is overruled. See S. A. & A. P. Ry. Co. v. Chittim, supra; T. & P. Ry. Co. v. Moore, supra.

[6] It is urged by the tenth assignment that the court erred in excluding certain evidence offered by appellant, showing and tending to show that its failure to ship said cattle out of Comanche on the 9 o'clock train on the night of the 8th, as it had agreed to do, was owing to the fact that the regular train out of Brownwood, due to arrive at Comanche at said time, was late on account of waiting for the Brady live stock train, which was delayed on account of heavy shipments of cattle and the bad condition of its roadbed. We think this evidence was properly excluded for two reasons: First, this defense was not pleaded; second, even if it had been, in a suit against a railway for breach of contract resulting in damages for failure to promptly transport a shipment of cattle upon a given train, an answer, setting up as an excuse a negligent delay on the part of the carrier on some other part of its road, or an unexpected or unprecedented rush of business, disorganizing its train service, is insufficient, and constitutes no defense. See T. & P. Ry. Co. v. Shawnee Cotton Oil Co., 55 Tex. Civ. App. 183, 118 S. W. 776; M.,

K. & T. Ry. Co. v. Woods, 117 S. W. 196; S. K. Ry. Co. v. Sample, supra; Railway Co. v. Morris, 99 S. W. 433. It is said, in Texas & Pacific Ry. Co. v. Shawnee Cotton Oil Co., supra: "Appellant contends that the carrier is not liable for inability to promptly accept and carry all freight tendered to it, if there arises an unexpected press of business, for the prompt handling of which its facilities are inadequate, provided the carrier could not have reasonably anticipated and provided against such situation by timely and corresponding increase of its facilities. There is authority to support this contention. H. & T. C. Ry. Co. v. Smith, 63 Tex. 326. This, however, could not relieve appellant, if there was an express contract between appellant and appellee for the shipment of the cattle. In the case of G., C. & S. F. Ry. Co. v. Hume Bros., 87 Tex. 219, 27 S. W. 112, the Supreme Court, in disposing of a similar contention, said: 'If the agent of the railroad company made a contract with plaintiffs or their agent to furnish cars at a given time to transport the cattle, then the fact that the shipment of cattle over the line of the railroad at that time was so great that it did not have cars sufficient to enable it to furnish the cars contracted for would constitute no defense to the action for breach of that contract.' In the case of Southern Kansas Ry. Co. v. Morris, 99 S. W. 433, Mr. Justice Stephens said: 'The court did not err in holding that the answer, pleading an unusual volume of business as an excuse for not complying with the contract, presented no defense. The case was not one of failure to furnish cars within a reasonable time after application had been made for them, but of failure to furnish cars at a given time, according to contract.'"

There being evidence in this case sufficient to show a contract made on the part of the company with the plaintiff, whereby it agreed to ship said cattle out on the 9 o'clock train on the night of the 8th for the early morning market at Ft. Worth of the 9th, this defense could not be interposed to defeat said contract. Wherefore the court properly excluded the evidence offered on this subject, for which reason we overrule said tenth assignment.

Finding no error in the rulings of the trial court, its judgment is affirmed.

Affirmed.