TEXAS & N. O. R. CO. v. WEEMS et al.*
(No. 1566.)

(Court of Civil Appeals of Texas. Texarkana. March 2, 1916. Rehearing Denied March 30, 1916.)

1. APPEAL AND ERROR ⬅═▷237(6) — REVIEW — EVIDENCE TO SUPPORT JURY FINDING—MOTION TO SET ASIDE.

In the absence of a motion to set aside the jury's findings, an assignment of error based on the insufficiency of the evidence to support them will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. ⬅═▷ 237(6).]

2. APPEAL AND ERROR ⬅═▷1008(1)—REVIEW— FINDINGS.

A finding involved in a judgment must be treated with as much deference as if made by the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3955; Dec. Dig. ⬅═▷ 1008(1).]

3. CARRIERS ⬅═▷45 — FAILURE TO FURNISH CARS—DAMAGES.

Damages for breach of carrier's contract to deliver cars at orchard for shipment of peaches is not to be limited to cost of hauling the fruit to the depot, where it does not appear that it could and would have been cared for if taken there, but rather the contrary.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 120, 123-128; Dec. Dig. ⬅═▷45.]

4. CARRIERS ⬅═▷45—PLEADING—VARIANCE— "ON OR ABOUT."

Plaintiff, alleging that "on or about" June 14th he demanded and defendant refused to furnish cars, proof that it was on that day of July is not a variance.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 120, 123-128; Dec. Dig. ⬅═▷45.

For other definitions, see Words and Phrases, First and Second Series, On or About.]

5. CARRIERS ⬅═▷44 — SPECIAL CONTRACT TO FURNISH CARS—LIABILITY FOR BREACH.

A carrier is liable for the consequences of its breach of contract to furnish cars within a shorter time than required by statute, though the result of inability was due to an unusual demand for cars.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 120-122, 230; Dec. Dig. ⬅═▷44.]

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by J. B. Weems and others against the Texas & New Orleans Railroad Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 165 S. W. 1194.

John T. Garrison, of Houston, and Guinn, Imboden & Guinn, of Rusk, for appellant. Norman, Shook & Gibson, of Rusk, for appellees.

HODGES, J. The appellees instituted this suit to recover damages from the appellant for the breach of a contract to furnish them refrigerator cars upon certain dates named in the petition. It is alleged that they were joint owners of a peach orchard situated about three miles from Rusk, Tex., near the line of the appellant's railroad; that on or about the 1st day of June, 1910, the appellant, through its agent Mrs. Clark, contracted with the appellees to furnish them certain refrigerator cars for the purpose of moving their peach crop. The contract provided, it is claimed, that the refrigerator cars should be furnished upon one day's notice, and placed upon a spur near their orchard; that on or about the 14th, 15th, and 16th days of June, 1910, the appellees demanded of the appellant the cars agreed upon and that they be placed on this spur track; that appellant failed and refused to deliver the refrigerator cars in response to the request, and by reason of that failure the appellees sustained damages in losing an opportunity to ship their fruit. The cause of action appears to be based upon the failure of the appellant to deliver refrigerator cars according to the terms of a special contract, and for the failure to deliver cars as required by statute, after notice. The case was submitted to the jury upon special issues, and upon the answers of the jury the appellant moved for judgment in its favor. This motion was overruled and judgment entered in favor of the appellees for the sum of $1,350.

[1, 2] The first assigned error complains of the action of the court in rendering judgment against the defendant, for various reasons stated, among which is the insufficiency of the evidence to establish a binding contract to furnish cars at a particular time and place. The evidence shows that the contract, if any, was made with Mrs. L. E. Clark; and the jury found, in response to the questions submitted, that Mrs. Clark was at the time the agent of the Texas State Railroad and also the agent of the appellant for the purpose of securing shipments of peaches. The jury further found that the appellant, through its agent Mrs. L. E. Clark, agreed with the appellees that if they (appellees) would use Pacific Fruit Express cars and route their shipments in part over the appellant's line of railroad the appellant would furnish Pacific Fruit Express cars and have them put on the "ore bed" road in their orchard, and would prepare to handle their shipments of peaches for the season of 1910. There was no complaint of this finding of the jury. This, we think, is tantamount to a finding that there was an agreement between the appellant's agent and the appellees to furnish the cars referred to above. That these cars were not furnished after notice and demand is undisputed. It is also undisputed that by reason of the failure to furnish the cars the appellees sustained damages in the loss of a considerable portion of their peach crop. This amount the jury fixed at $1,350. The appellant is in no attitude to insist upon this assignment in the present condition of the record. There was no motion to set aside the findings of the jury upon these issues, and, in the absence of such a motion, an ob-

---

⬅═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

jection based upon the insufficiency of the evidence to support the jury's findings will not be considered. Smith v. Hessey, 134 S. W. 256. In the case cited, the subject was fully discussed by Justice Jenkins of the Austin Court of Civil Appeals, and a writ of error denied by the Supreme Court. It is true the jury did not find that there was a contract to place the cars upon the spur track at any particular time, or upon any given notice. But there was evidence from which the court might have concluded that the appellant had so contracted. The judgment rendered involves that finding, which finding must be treated with as much deference as if it had been made by the jury.

[3] In its second and third assignments of error the appellant complains that the court erred in rendering judgment for the sum of $1,350, because, it is contended, the facts as found by the jury show that the only damage the appellees sustained was the sum of $9 per car, that being the amount they would have been required to pay for the hauling of their peaches from their orchard to the station of the defendant company at Rusk. The evidence was not such as requires the court to find as a matter of law that the appellees should have pursued that course. The appellant had alleged in its answer that at the time the cars were demanded it did not have sufficient cars to accommodate the public and take care of all the fruit brought to its station at Rusk, and that it had caused people not to bring peaches to that station for shipment on account of the insufficiency of cars. It is further alleged that, if the appellees had gathered their fruit and delivered it to the agent of the appellant at Rusk on the dates specified, it would not have been accepted for transportation. It devolved upon the appellant to allege and prove that the appellees would have secured transportation for their fruit had they carried it to the depot at Rusk. The jury merely found that the cost of hauling the peaches from the orchard to the depot was $9 per car. The court evidently concluded that under the evidence this was not required as a matter of prudence in avoiding or lessening the damages resulting from the failure to have cars at the place agreed upon.

[4] It is further contended that there was a variance between the testimony and the allegations in the appellees' petition as to the date of the breach of the contract. They had alleged that the dereliction complained of occurred on or about the 13th and 14th of June, 1910, when the testimony shows that it occurred on the corresponding dates in July, 1910. This testimony when offered was objected to upon the ground of variance from the allegations. The language "on or about," taken in connection with the further averments of the petition, we think was sufficient to admit the evidence. It was not proper for the court to hold the appellees to strict proof of facts occurring on very dates stated in their petition. The expression "on or about" was sufficient to justify the latitude allowed as to the dates.

There is also complaint of the insufficiency of the evidence to support a finding that the appellees had been damaged in the sum for which judgment was rendered. The jury found that those damages would amount to $1,350. There was no motion to set aside that finding; and, under the rules announced in discussing the first assigned error, this will be overruled.

[5] It is further contended that the court erred in rendering judgment against the appellant because the evidence showed, and the jury found, that at that season of the year there was an unprecedented demand for refrigerator cars, and that this unusual demand was the reason why the cars were not furnished. As before stated, the appellees did not sue for a negligent failure to furnish cars, but for the breach of a special contract. That a carrier may, through its agent, contract to furnish cars within a less period of time than that required by statute, and that the carrier may be held responsible for the consequences of a failure to comply with these special contracts, regardless of its inability due to an unusual demand for cars, has been definitely settled by the decisions of our courts. Texas & Pacific Ry. Co. v. Shawnee Cotton Oil Co., 55 Tex. Civ. App. 183, 118 S. W. 776, and cases there cited.

The judgment of the district court will therefore be affirmed.