EUBANK v. BOSTICK. (No. 677.)

(Court of Civil Appeals of Texas. El Paso March 15, 1917. Rehearing Denied April 12, 1917.)

1. APPEAL AND ERROR ⬳1011(1)—REVIEW—FINDINGS.

A finding on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3988.]

2. APPEAL AND ERROR ⬳690(4) — BILL OF EXCEPTIONS—SUFFICIENCY.

In an action for breach of contract, a bill of exceptions to the admission of parol testimony varying and changing the written contract between the parties, which did not show the particular testimony that was objected to or that the court had an opportunity to determine whether or not it was subject to the objection made, was insufficient and stated a conclusion of law, and not of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2899.]

3. APPEAL AND ERROR ⬳664(4)—BILL OF EXCEPTIONS—STATEMENT OF FACTS.

In an action for breach of contract, where there was a bill of exceptions to the effect that the court erred in allowing plaintiff to offer parol testimony varying and changing the written contract, but the agreed statement of facts does not disclose that any evidence was offered changing or varying the terms of the written contract, the statement of facts will control the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2859.]

4. EVIDENCE ⬳445(1) — PAROL EVIDENCE VARYING WRITTEN CONTRACT.

The rule forbidding the admission of parol or extrinsic evidence to alter, vary, or contradict a written instrument does not apply so as to prohibit the establishment by parol of an agreement between the parties to a writing en-

tered into subsequent to the execution of the written instrument, notwithstanding that such agreement may have the effect of changing or altogether abrogating the written contract, since the parol evidence does not in any way deny the original agreement, but goes to show that the parties have exercised their right to change or abrogate the same or to make a new and independent contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2054, 2063.]

5. ARBITRATION AND AWARD ☞73—APPEAL—RIGHT TO.

Rev. St. 1911, arts. 56–70, provides the procedure in a statutory arbitration, and article 65 provides that, if an appeal is not expressly reserved to arbitrate, no such appeal shall exist, but the decision of the arbitrators shall be final. Section 70 provides that nothing in the chapter shall be construed as affecting the existing rights of parties to arbitrate their differences in such mode as they may select. *Held,* that only where the right of appeal is reserved in agreement for arbitration does the right exist in either statutory or common-law arbitration.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 368–398.]

6. ARBITRATION AND AWARD ☞78—VALIDITY—FRAUD—PLEADING.

Where it is sought to set aside an award by arbitrators on the grounds of fraud, partiality, or mistake, the facts constituting the objection to the award must be specifically averred in order to prevent the award from being made the judgment of the court.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 409–419.]

7. EVIDENCE ☞589 — WEIGHT — UNCONTRADICTED TESTIMONY OF PARTY—CONCLUSION.

In an action for breach of contract between plaintiff and defendant for the joint purchase of cattle, although defendant offered the only testimony on his cross-action for damages for an alleged loss by reason of the annoyance by plaintiff while defendant was selecting the cattle, causing a loss of $1 per head, as defendant was an interested witness, the court had the right to disregard his testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438.]

8. EVIDENCE ☞471(35)—OPINION EVIDENCE—CONCLUSIONS.

In an action for breach of contract between plaintiff and defendant for joint purchase of cattle, in which defendant's cross-action alleged damages by reason of annoyance by plaintiff while defendant was selecting the cattle, his testimony that he had suffered a loss of $1 per head was a conclusion of the witness, and not a statement of a fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2185; Witnesses, Cent. Dig. § 833.]

9. APPEAL AND ERROR ☞544(2)—BILL OF EXCEPTIONS—NECESSITY.

Where the record contains no bill of exception complaining of the admission of testimony, the appellate court cannot upon assignment of error review the propriety of the trial court's action in admitting the same, since, for ought the record shows, the testimony may have been admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2424, 2428, 2478.]

10. APPEAL AND ERROR ☞724(1) — ASSIGNMENTS OF ERROR.

In an action for breach of contract between plaintiff and defendant for the joint purchase of cattle, where there was evidence offered by plaintiff tending to show a subsequent agreement between the parties changing the terms of a prior written agreement, and also that the differences of the parties had been submitted to arbitration, which resulted in an award in favor of plaintiff, an assignment of error that the court erred in rendering judgment for the plaintiff, and because the evidence was uncontradicted that at and before the cattle were to be selected and before they were to be delivered there was a plain written contract whereby plaintiff and defendant were equal owners of the cattle, entitled equally to all profits on a sale, and that the only controversy at issue between the parties was the profits on the sale of heifer cattle, and that plaintiff had failed to prove such contract had been changed, was defective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997, 3001.]

11. TRIAL ☞392(4) — FINDINGS — SUFFICIENCY.

In an action for breach of contract between plaintiff and defendant for the joint purchase of cattle, in which defendant brought cross-action for damage, a judgment disposing of the cross-action adversely to the defendant and decreeing that he take nothing by his cross-action was a sufficient compliance with defendant's request for a finding of fact and conclusion of law touching the cross-action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 919.]

12. APPEAL AND ERROR ☞511(1)—REVIEW—REVERSIBLE ERROR.

In an action for breach of a contract between plaintiff and defendant for the joint purchase of cattle, in which defendant filed a cross-action and plea in reconvention for damages, where defendant at the time of excepting to the insufficiency of findings of fact made no complaint of the failure to make findings and conclusions with respect to the plea in reconvention, and subsequent to adjournment filed a bill of exception to the action of the court in failing to make such findings and conclusions, but such bill does not have the approval of the trial court, the failure to make a specific finding in respect to the plea in reconvention and conclusion of law thereon does not present reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2319.]

Appeal from Gaines County Court; W. R. Slaton, Judge.

Action by F. A. Bostick against C. H. Eubank, in which defendant sought to recover on a cross-action. Judgment for plaintiff and denying defendant recovery on his cross-action, and defendant appeals. Affirmed.

N. R. Morgan, of Seminole, for appellant. J. M. Caldwell, of Midland, for appellee.

WALTHALL, J. In January, 1915, appellant and appellee contracted with Jernigan & Watts for 1,000 head of steer yearlings and 100 head of heifers in New Mexico, to be thereafter delivered in New Mexico about the 1st of June of that year. It was originally agreed between appellant and appellee that of said cattle Eubank should have and handle 300 head of the steers, and that Bostick should have the remainder of the steers and the heifers of the purchase, each putting up forfeit money in proportion to their respective interests. Subsequently appellant and appellee entered into the following agreement in writing:

"This is to say that C. H. Eubank and F. A. Bostick are equally interested in all cattle bought of Jernigan & Watts in New Mexico January 19, 1915, each of us having one half of forfeit money. [Signed] C. H. Eubank. F. A. Bostick. This January 21, 1915."

Bostick alleges that the above continued to be the contract until about the time for the delivery of the cattle, when the contract was again changed by mutual agreement so that Eubank was to have 500 head of the steers and Bostick was to have the remainder of the cattle. Bostick further alleges that when he and Eubank went to receive the cattle opportunity was offered him for sale, and that he sold the 100 head of heifers for a profit of $450; that Eubank then claimed a one-half interest in the profit on the heifers; that a controversy then arose between the two as to the said profit on the heifers; that their controversy was submitted to arbitration, and that the arbitrators brought in their award, finding that he (Bostick) was entitled to all the profits on the heifers; that thereafter, when on the way to their home, Eubank again brought up the matter of said profits on the heifers, refused to abide by the arbitration, and demanded the payment to him of $225, and threatened him with personal violence in case he did not deliver to him his check for said amount, and also threatened to brand enough of his (Bostick's) steers then in his control to amount to said sum of $225; that, in order to avoid the threatened trouble, he delivered to Eubank the check for the $225, under protest, with the statement then and there to Eubank that he would thereafter have their rights fully determined. Bostick brought this suit to recover $225 based on said arbitration and award.

Eubank, appellant, answered by general demurrer, general denial, and by special answer alleged:

That, because of appellee's inexperience in handling cattle, in receiving said cattle, the task of receiving the various grades and number of the cattle, both for himself and Bostick, fell upon him; that while so engaged Eubank "began a series and system of annoyance, and proceeded to claim certain rights and interests inconsistent and contrary to the agreement and understanding they had made, and sent messengers and messages to defendant that, unless plaintiff was allowed to have his contentions, the whole deal would fall through, and defendant would lose what he had involved, and that finally plaintiff proposes to then and there arbitrate the contentions he was making; that defendant, in order to get rid of the annoyance at the time, and for no other purpose, consented, and proceeded with the work of sorting out the cattle; and that afterwards he told plaintiff he was not bound by and would not stand for said arbitration."

He admitted having said to Bostick:

That "he could either settle fairly or defendant would brand enough to make them even under their contract, and then plaintiff paid the money he is now suing for."

Appellee reconvened in damages, claiming that by reason of the annoyance, worry, and harassment by Bostick while he (Eubank) was receiving the cattle he was prevented from using his best judgment in selecting same, and took an inferior class of cattle, and thereby sustained a loss of $1 per head on 250 head he received in the division. Appellee filed general and special demurrers to the answer and denied the facts pleaded as a cross-action.

The case was tried by the court without a jury, and a judgment rendered for appellee for $225, and appellant denied a recovery on his cross-action.

The court made and filed findings of fact and conclusions of law. In the first two paragraphs the court finds the several agreements of appellant and appellee to be substantially as stated by appellee, and about which there was no controversy, except that plaintiff claimed that another change was made in the division of the cattle each was to receive after the written memorandum, to the effect that appellant should have 500 head of the steers and appellee the balance, including the 100 heifers, and then proceeds:

"(3) Still later, but before receiving the said cattle, the said C. H. Eubank and F. A. Bostick had another agreement (according to the evidence of H. M. Gage, as per his deposition) whereby the said Eubank was to receive 500 steers out of said bunch, being yearlings, and F. A. Bostick was to receive all the balance of the original bunch of cattle, which included the 100 head of heifer yearlings; (4) about the 21st day of May, 1915, a controversy arose at the residence of W. B. Eubank as to the division of the profits of the cattle in case they or any part thereof were sold before delivered, at which time no agreement was perfected between the parties; (5) that afterwards, upon going to the place where said cattle were to be received in New Mexico, no agreement having been reached between the said Bostick and Eubank, a buyer appeared in prospect for the purchase of the heifer yearlings, the rights of the said Bostick and Eubank were submitted to a board of arbitrators composed of G. A. Shelton, George Williams, and H. M. Gage; that both Eubank and Bostick made statements to said board of arbitrators, which statements were practically the same in substance, and which was about as follows: [Detailing the evidence as to their several agreements, then proceeding:] This arbitration was made before any of the cattle were received, and that subsequently the 100 head of heifers were sold by F. A. Bostick, who received all the money and profits on the said heifers, and that on the following day after the sale of the said heifers the said C. H. Eubank told said Bostick that he refused to be bound by said arbitration, and demanded one-half of the profits on said 100 heifer yearlings, which one-half thereof amounted to the sum of $225, and at a later date, and while branding said cattle, the said Eubank by threats of personal violence, and by threats of branding out sufficient number of Bostick's cattle in sufficient numbers to pay for said profits in controversy and to pay for taking said Bostick's cattle home, compelled said Bostick to pay said $225 controversy profits to said Eubank under protest."

Appellee's suit was based on an award as the result of an alleged arbitration, which, if sustained, concludes the issues presented in the assignments, except those referring to matters arising on the trial of his plea in reconvention for damages.

The only matter at issue between appel-

lant and appellee at the time the cattle were being delivered was their respective rights to claim the profit of $450 on the purchase and sale of the 100 head of heifer yearlings, appellant claiming to have a one-half interest in the profits, and the appellee denying that appellant had any interest therein. Appellee alleges that by agreement the difference or matter in dispute as to said profit was submitted to arbitration, and that the arbitrators brought in their award in favor of appellee and against appellant for the $450 profit on the sale of the heifers. Appellant in his answer admitted that he consented to the arbitration, but afterwards told appellee that he would not be bound by it. Under the statements in the pleading as to the fact that an arbitration was agreed to and the arbitration had and an award made, we need not state the evidence. The court found:

That "they each agreed to abide by the decision of the board of arbitrators, and decision was rendered in favor of F. A. Bostick; that this arbitration was made before any of the cattle were received."

[1] The first assignment is that the court erred in rendering judgment for the plaintiff because plaintiff failed to prove his allegation of a third agreement between the parties. This should be overruled, because there is testimony to that effect. The assignment itself shows that because it recites that the only evidence was the testimony of plaintiff, which was squarely contradicted by the testimony of defendant. The court having resolved the issue in favor of the plaintiff, this court cannot set it aside.

[2-4] The second assignment is that the court erred in allowing plaintiff to offer parol testimony varying and changing the written contract between the parties. There is a bill of exception in the record to the effect that plaintiff, by his parol testimony, undertook to change and vary the terms and conditions of the written contract, which bill was approved by the court. The bill of exception is insufficient. It states a conclusion of law, and not of fact. The bill should have shown the particular testimony that was objected to, and the court could then determine whether or not it was subject to the objection made. Furthermore, there is an agreed statement of facts in this case, and a careful examination of same fails to disclose that any evidence was offered changing or varying the terms of the written contract between the parties. In this condition of the record the statement of facts will control the bill of exception. It is true we find evidence admitted showing that the written contract was altered and changed by subsequent oral agreement between the parties and the terms of this subsequent contract were proven. But the rule forbidding the admission of parol or extrinsic evidence to alter, vary, or contradict a written instrument does not apply so as to prohibit the establishment by parol of an agreement between the parties to a writing entered in-

to subsequent to the time when the written instrument was executed, notwithstanding such agreement may have the effect of adding to, changing, modifying, or even altogether abrogating the contract of the parties evidenced by the writing; for the parol evidence does not in any way deny that the original agreement was that which the writing purports to express, but merely goes to show that the parties have exercised their right to change or abrogate the same or to make a new and independent contract. Self v. King, 28 Tex. 552; Heatherly v. Record, 12 Tex. 49; Liner v. Mortgage Co., 29 Tex. Civ. App. 187, 68 S. W. 311; and many other cases of like nature.

[5] The third assignment claims error in admitting testimony on the issue of arbitration and in considering it, on the ground that same was had at a round-up of cattle in New Mexico, that no record was made of the proceedings had, and that under the conditions existing appellant was denied the opportunity of an appeal, and because the evidence shows that the arbitration was procured by the fraud of appellee, and the award was based upon false statements made by appellee.

Title 7, c. 1, Revised Civil Statutes 1911, provides a procedure in a statutory arbitration. Article 65 under that title and chapter provides that:

"If [an] appeal is not expressly reserved * * * to arbitrate, no such right shall exist, but the decision of the arbitrators shall be final."

While that provision is a part of the procedure in statutory arbitration, the right of appeal is made a matter of agreement between the parties, and only where the right of appeal is reserved in either statutory or common-law arbitration·does the right exist.

Section 70 of said title and chapter provides:

"Nothing herein shall be construed as affecting the existing right of parties to arbitrate their differences in such mode as they may select."

[6] A party may not agree to an arbitration and when the award is not in his favor decline to abide by it. The trial court made no finding on any issue of fraud by plaintiff in procuring the arbitration or the award made. The appellant in his request for additional findings of fact requested the court to make a finding "whether the purported arbitration in the woods of New Mexico was procured by fraud; whether plaintiff made a true statement to the arbitrators." There was no attempt either in the pleading or proof to allege or establish fraud on the part of appellee or the arbitrators in procuring the arbitration or award. Had the trial court made a finding as requested, it would have been made on an issue not pleaded. It has long been the rule and practice in this state that, where it is sought to set aside an award by arbitrators on the grounds of fraud, partiality, or mistake, the facts con-

stituting the objection to the award must be specifically averred in order to prevent the award from being made the judgment of the court. Payne v. Metz, 14 Tex. 56; Forshey v. Railroad Co., 16 Tex. 532; McHugh v. Peck, 29 Tex. 150; Bowden v. Crow, 2 Tex. Civ. App. 591, 21 S. W. 612.

[7, 8] The fourth assignment is that the court erred in overruling and disregarding the defendant's cross-action and plea in reconvention because the same showed a good cause of action and the evidence was plain and uncontradicted that defendant, by reason of plaintiff's acts and words suffered the damage alleged. The only evidence offered in support of the plea in reconvention was the testimony of the defendant himself, who testified that by reason of the annoyance, worry, and harassment of him by Bostick while defendant was selecting the cattle he was prevented from using his best judgment in selecting the same, and could not and did not succeed in selecting the best cattle, but took an inferior class, whereby he suffered a loss of $1 per head on the 250 head he received in the division of the steers. In the first place, the defendant was an interested witness, and the court had a right to disregard this testimony. Thomas v. Saunders, 150 S. W. 768, and cases there cited. Furthermore, the statement that he had suffered a loss of $1 per head was a conclusion of the witness, and not a statement of a fact. The court may have disagreed with the witness in his conclusion. For the reason indicated, this assignment presents no error.

[9] The fifth assignment complains of the admission of the testimony of the witness Gage. We find no bill of exception in the record complaining of the admission of this testimony, and, in the absence thereof, we cannot review the propriety of the court's action in admitting same. For aught the record shows, the testimony may have been admitted without objection.

[10] The sixth assignment is that the court erred in rendering judgment for the plaintiff because the evidence was plain and uncontradicted that at and before the cattle were to be selected and at and before they were to be delivered there was a plain written contract whereby plaintiff and defendant were equal owners of all the cattle and entitled equally to all profits on a sale of any of the cattle, and that the sole and only controversy and issue between the parties was the profits on the sale of the heifer cattle, and plaintiff failed to prove said contract had been changed. The concluding clause of this assignment shows the fatal defect therein, because evidence was offered by the plaintiff tending to show a subsequent agreement between the parties changing the terms of the prior written agreement. Furthermore, there was evidence that the differ-

ence of the parties had been submitted to a board of arbitration and the arbitrators had made an award in favor of the plaintiff.

[11] The seventh assignment is that the court erred in failing, though duly requested, to find any fact or conclusion of law touching defendant's cross-action and reconvention for damages. The judgment disposes of the cross-action adversely to the defendant, and decreed that he take nothing by his cross-action.

[12] The case was tried before the court, and appellant requested the court to make and file its findings of fact and conclusions of law upon which the judgment was based. The court made no specific finding of fact or conclusion of law in regard to the cross-action. Prior to the adjournment of the court defendant filed two written motions, wherein he excepted to the insufficiency of the findings of fact and pointed out issues upon which he desired findings made, and a bill of exception was taken and allowed by the court to the failure to make additional findings respecting the issues pointed out in such written exceptions and motion. In these motions no complaint was made of the failure to make findings and conclusions with respect to the plea in reconvention. Subsequent to the adjournment of the court, defendant filed a bill of exception to the action of the court in failing to make a finding and conclusion with respect to the plea in reconvention. This bill, however, does not have the approval of the trial court. In this condition of the record, the failure to make a specific finding with respect to the plea in reconvention and conclusion of law thereon does not present reversible error. The court's attention should have been called to the failure to file a finding and conclusion with respect to such plea and request made for such additional finding, and if it was refused an exception should have been taken. The record failing to show that this was done, no reversible error is shown. Railway Co. v. Oil Co., 55 Tex. Civ. App. 183, 118 S. W. 776; Gainesville, etc., v. City of Gainesville, 57 Tex. Civ. App. 257, 122 S. W. 959; Railway Co. v. Mitchell, 85 S. W. 286; Collum v. O'Malley, 128 S. W. 679.

It seems to us that each of the assignments should be overruled for the reasons indicated above, and that the case should be affirmed, since no reversible error is shown.