## TEXAS & N. O. RY. CO. v. WEEMS et al. (No. 110–2956.)

(Commission of Appeals of Texas, Section B. June 23, 1920.)

**1. Carriers ⬅45—Evidence held to authorize finding of contract to furnish cars.**

In an action for breach of a carrier's contract to deliver cars to orchard for shipment of peaches, evidence *held* sufficient to authorize finding of making of contract substantially as alleged by plaintiffs.

**2. Carriers ⬅45—Evidence held insufficient to show damages from failure to furnish cars would have been diminished by delivery of fruit at station.**

In action for breach of carrier's contract to deliver cars to orchard for shipment of peaches, evidence *held* insufficient to show that plaintiffs' damages certainly would have been diminished had they delivered fruit at station of defendant carrier or at that of another carrier.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. B. Weems and others against the Texas & New Orleans Railway Company. A judgment for plaintiffs was affirmed by the Court of Civil Appeals (184 S. W. 1103), and defendant brings error. Judgment of trial court and Court of Civil Appeals affirmed on recommendation of the Commission of Appeals.

See, also, 165 S. W. 1194.

Guinn, Imboden & Guinn, of Rusk, and Jno. T. Garrison, of Houston, for plaintiff in error. Norman, Shook & Gibson, of Rusk, for defendants in error.

MONTGOMERY, P. J. This suit was instituted by J. B. Weems and Commodore Yarborough against the Texas & New Orleans Railway Company to recover damages for the breach of an express contract to furnish cars for shipment of certain peaches owned by the plaintiff and growing near the line of the defendant's railway company. For convenience the parties will be designated as they appear in the court below, as plaintiffs and defendant.

It was alleged by the plaintiffs that in the month of May, 1910, they entered into an agreement with the defendant railway company by which the defendant agreed to furnish the plaintiffs refrigerator cars for the shipment of their peach crop then growing, but not yet ready for market, and further agreed to deliver the cars as needed, upon a certain track in or near plaintiffs' orchards, and further contracted "that, upon the plaintiffs notifying the defendant on the night or afternoon before the number of cars required the next day, such number would be so furnished on such notification"; that plaintiffs obligated themselves to ship their peach crop on and over defendant's line of railway.

It was further alleged that defendant failed to furnish the cars for three consecutive days when properly notified and requested, as provided in the contract, and that plaintiffs were thereby damaged by the loss of large quantity of fruit then ready for shipment. The defendant denied making the contract sued on, and pleaded other matters which it is not necessary to state.

The case was tried before a jury on special issues, and upon the verdict judgment was rendered for plaintiffs. The defendant appealed. The Court of Civil Appeals affirmed the judgment of the trial court. 184 S. W. 1103.

In granting the writ of error in this case the Supreme Court indicated that it was of the opinion that the evidence failed to show the contract as pleaded by the plaintiffs. In the application for writ of error the claim is made that the evidence was insufficient to show the contract alleged in that it failed to show that there was an agreement on the part of the railway company to furnish cars when notified on the afternoon or night before of the cars needed for the next succeeding day.

[1] We have carefully read the statement of facts in connection with the petition for writ of error, and have concluded that there was evidence which, if believed, showed the making of the contract, and that the contract was substantially as alleged by the plaintiffs.

The evidence showed that the contract was made by letters written by plaintiff Weems, acting for himself and the plaintiff Yarborough, and one Mrs. Clark, the agent

of the defendant railway company. Prior to the trial the original letters had been lost or destroyed. Purported copies of only three letters were offered in evidence. These letters failed to show the contract as alleged by the plaintiffs. There was, however, testimony tending to show that the copies offered in evidence were not true copies of the originals, and also that there were other letters relating to the same matter which were not produced on the trial. The plaintiff Weems testified that he had received a letter from the agent of the railway company agreeing to furnish the cars, as alleged in his petition, and that he accepted the offer and agreed to ship his entire crop over the line of the defendant railway company. He testified that the letter of the railway company to him and his letter to the railway company to the effect above set out were not in his possession and could not be produced; that the entire correspondence in his possession had been delivered to his attorney, and he was informed that the same had been destroyed by a fire which consumed the office of the attorney. The testimony of the attorney tended to corroborate Weems. We think it unnecessary to set out the testimony in detail. Suffice it to say that in our judgment there was ample testimony to authorize a finding that the contract was made substantially as alleged by the plaintiffs.

[2] With reference to the claim that plaintiffs are not entitled to recover the amount of the judgment as rendered because they failed after the breach of the contract by the railway company to deliver the fruit at the depot of the defendant railway company, or of the Cotton Belt Railway Company, which also had a depot near plaintiffs' orchards, and there tender the fruit for shipment, we think that the evidence failed to show that the plaintiffs' damages would thereby have certainly been diminished. There was evidence tending to show that there was a great congestion of traffic at that particular time, and that the railway companies were unable to furnish cars for all who requested them. It being a question of fact as to whether or not the plaintiffs, under the circumstances, could by delivering the fruit at the railway station have procured transportation therefor, and thus mitigated the damages, we feel bound by the conclusion of the trial court and Court of Civil Appeals. We have examined all the assignments of error, and the entire record, and find nothing that in our judgment requires a reversal of the case.

We recommend that the judgment of the trial court and the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.