SOUTHWESTERN HOTEL COMPANY V. JAMES D. ROGERS ET UX.

No. A-327. Decided January 10, 1945.
Rehearing overruled February 7, 1945.
(184 S. W., 2d Series, 835.)

344

*Brown & Brooke* and *J. C. Brooke,* all of El Paso, for petitioner, Southwestern Hotel Company.

*Samuel K. Wasaff,* of El Paso, for respondent, Rogers.

It was error for the Court of Civil Appeals to hold that the posting of the notice on the inside of the bath room door was sufficient and in compliance with the statute. Johnston v. Mobile Hotel Co., 27 Ala. App. 145, 167 So. 595; Rains v. Maxwell House Co., 112 Tenn. 219, 79 S. W. 114; 32 C. J. 552.

MR. JUSTICE SHARP delivered the opinion of the Court.

This case involves the construction of Article 4592, Vernon's Annotated Civil Statutes, which reads as follows:

"Any hotel, apartment hotel or boarding house keeper, who constantly has in his hotel, apartment hotel or boarding house a metal safe or vault in good order and fit for the custody of money, jewelry, articles of gold or silver manufacture, precious stones, personal ornaments, or documents of any kind, and who keeps on the doors of the sleeping rooms used by guests suitable locks or bolts and proper fastening on the transom and window of said room, shall not be liable for the loss or injury suffered by any guest on account of the loss of said valuables in excess of the sum of fifty dollars, which could reasonably be kept in the safe or vault of the hotel, unless said guest has offered to deliver such valuables to said hotel, apartment hotel or boarding house keeper for custody in such metal safe or vault, and said hotel, apartment hotel or boarding house keeper has omitted or refused to deposit said valuables in such safe or vault and issue a receipt therefor; provided, such loss or injury does not occur through the negligence or wrong doing of said hotel,

apartment hotel or boarding house keeper, his servants, or employees, and that a printed copy of this law is posted on the door of the sleeping room of such guest."

James D. Rogers and wife brought this suit against the Southwestern Hotel Company, a corporation, to recover $4,000.-00, the value of two diamond rings which they allege were stolen from them while guests of the Hilton Hotel of El Paso, owned and operated by petitioner. Plaintiffs alleged that the defendant was negligent in permitting an emergency key to fall into the hands of the person who entered their room at night while they slept and stole the rings. Defendant answered by special exceptions, general denial, and specially pleaded that at the time of the alleged loss it had fully complied with Article 4592, and had posted a printed copy thereof on the door of plaintiffs' sleeping room as required by the Act.

The jury found that the Hotel Company had failed to use ordinary care to see that the emergency key did not fall into the hands of the person who took the rings; that such failure was the proximate cause of the loss; and that the market value of the rings was $3,000.00. The trial court rendered judgment in accordance with the findings of the jury. The Court of Civil Appeals held that in the submission of the case it was assumed that the Hotel Company had fully complied with the requirements of Article 4592. Said court reversed the judgment of the trial court, on the ground that the evidence was insufficient to sustain the jury's finding of negligence on the part of the Hotel Company, and remanded the cause. 183 S. W. (2d) 751. This Court granted a writ of error on the holding of the Court of Civil Appeals that the printed copy posted on the inside of the bath room door of the guest room in the hotel was a sufficient compliance with Article 4592.

The facts established by the record show that respondents were guests of the Hilton Hotel in El Paso continuously from September of 1942 until the time of trial, and that when the loss was suffered they were occupying room 917. On the night of March 9, 1943, some unknown person unlocked the only entrance door to their room, and entered and stole their two diamond rings. As had long been their custom, respondents took off their rings before retiring, and laid them on the dresser. Before retiring, both respondents examined the lock on the entrance door of their room, to make sure it was double locked. When so locked from the inside, the door could not be unlocked from the outside except by the use of a special key, referred

to as an emergency key, which was used by the hotel employees only in cases of emergency. It was the duty of the Hotel Company to see that this emergency key was exclusively in the custody of a responsible employee of the hotel. The following morning, when the loss was discovered, respondents examined the lock, and found that it was not double locked, from which they inferred that the emergency key had been used during the night to open the door.

Respondents contend that the Southwestern Hotel Company did not post a printed copy of Article 4592 on the door of room 917 in the manner required by said Act. Room 917, from which the rings were stolen, had but one entrance door from the corridor of the building, and had no connecting rooms. There was no way to enter the room except through the single entrance door. Within the room there were two other doors, one leading into the bath room and the other into a closet. Both the bath room and the closet were built within the area of room 917, and neither could be entered except from the sleeping room, each having but the one entrance door. The only printed copy of Article 4592 that was posted in room 917 had been placed on the inside of the bath room door, about four and one-half feet from the bottom of the door, and it could not be read until a guest entered the bath room and closed the door.

■ The question presented here is whether the posting of the printed copy of Article 4592 on the bath room door, as was done in this case, was a compliance with the provisions of such Article. The Act specifically provides that, "Any hotel, apartment hotel or boarding house keeper * * * who keeps on *the doors of the sleeping rooms* used by guests suitable locks or bolts * * * shall not be liable for the loss or injury suffered by any guest on account of the loss of said valuables in excess of the sum of fifty dollars, * * * provided * .* * a printed copy of this law is posted on *the door of the sleeping room* of such guest." (Emphasis ours.)

We think that the Article requires that such printed copy be posted on the door of .the sleeping room used by the guest, on which the hotel is required to keep a suitable lock or bolt. Posting the copy of Article 4592 on the bath room door, as was done in this case, was not a compliance with such Article.

■ In the case of Dallas Hotel Co. v. Davison, 23 S. W. (2d) 708, in construing this Article it was said:

"It is evident that the Legislature enacted this law for the benefit of the hotel keepers in this state, and to relieve them from burdens imposed by the common law in case of loss of property by guests. This statute does not place any new burden on the hotel keeper. It provides how he may limit his liability in an amount not to exceed the sum of $50.00. If he does not comply with the statute, his liability is to be determined without regard to the statute."

■ While a hotelkeeper who does not comply with the statute is not an insurer of the property of his guest, he is required to exercise a very high degree of care for the protection of the ordinary articles of personal property or money, such as are carried about the person of his guest, and is held liable for the full value of any loss thereof which occurs from his hotel, unless he can show that the loss did not result from any want of care or neglect or any insufficiency of means for the protection of such property on his part, or on the part of his servants, or that the claimant was guilty of contributory negligence. Hadley v. Upshaw, 27 Texas 547; 86 Amer. Dec. 654; W. R. Case & Sons Cutlery Co. v. Canode, 205 S. W. 350; 24 Tex. Jur. 353; 14 R. C. L. 516.

■■ As to sums up to $50.00, one who complies with the statute is liable under the same circumstances as one who does not comply therewith. In order to hold him in an amount in excess of $50.00, the claimant must show that the hotelkeeper was guilty of ordinary negligence—that is, the failure to exercise ordinary care. Of course, contributory negligence on the part of the claimant is a complete defense. Driskill Hotel Co. v. Anderson, 19 S. W. (2d) 216; Hadley v. Upshaw, supra.

■ The great weight of authority sustains the rule that where a hotelkeeper is held liable for negligence for the loss of property belonging to a guest, where the statute has not been complied with, proof that such property has been lost or injured makes out a prima facie case of liability, and casts on the hotelkeeper the burden of establishing such facts as will exonerate him. See 32 C. J., p. 559, sec. 66, and cases cited in footnotes.

The Court of Civil Appeals held that there was no evidence as to negligence by the Hotel Company, and, further, expressed doubt as to whether the cause had been fully developed, and for these reasons reversed the judgment of the trial court and remanded the cause of said court for further proceedings.

The judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, is affirmed.

Opinion delivered January 10, 1945.

Rehearing overruled February 7, 1945.