## WRIGHT v. TEXAS & P. RY. CO.
### No. 6309.

Court of Civil Appeals of Texas. Texarkana.
Oct. 9, 1947.

Cunningham, Lipscomb & Cole, of Bonham, Wilson Walters, of Denison, and Russell Dunn, of Sherman, for appellant.

Freeman, Wolfe & Keith, of Sherman, Gullett & Gullett, of Denison, J. T. Suggs, D. L. Case and J. W. Riley, all of Dallas, for appellee.

HALL, Chief Justice.

Appellant instituted this suit against appellee for damages alleged to have been suffered by him when he fell from appellee's bridge No. 119-A, on or about September 6, 1945. Owing to the disposition to be made of this appeal, the specific acts of negligence charged against appellee will not be set out. The trial was to a jury and upon the verdict rendered judgment was entered for appellee.

Appellant by his first point asserts that the trial court erred in refusing to permit him, after the evidence was closed, to file a trial amendment "to allege his cause of action consistent with the facts adduced during the trial of the case."

Appellant was employed by appellee as a laborer in one of its section crews; he alleged that on account of certain specific acts of negligence of appellee he fell from its bridge No. 119-A sustaining serious injury to his foot, legs, arms and head. Appellant testified rather strongly that his injury occurred on September 6, 1945; there is also evidence that his injury occurred on the last day he worked, which was shown to be September 18, 1945. At the close of the testimony he asked leave of the court to file a trial amendment with respect to the date of the alleged injury set out in his original petition by striking from said petition the phrase "that on or about the 6th day of September, 1945", and insert in lieu thereof the phrase "that in the month of September, 1945." Appellee leveled numerous objections to the trial amendment, one of which states that: "The proposed trial amendment is vague, indefinite and uncertain, and the defendant is wholly unprepared to go forward with this case on the basis of such pleading, since the same does not in any

manner apprise this defendant of what date it will now be claimed by the plaintiff was the date of the alleged accident. If the court should permit the plaintiff to file the proposed trial amendment, the defendant would be wholly unable to meet the now unknown claim of the plaintiff as to the alleged date of the supposed occurrence."

As heretofore pointed out, there were two dates in the month of September, 1945, shown by the evidence upon which appellant fell from the bridge, namely, September 6, and September 18, 1945. There were some circumstances in the record indicating a date in between the two, but there is no evidence whatever that appellant fell from the bridge before September 6, or after September 18, 1945. The interlineation appellant sought to make in his petition did not name the two dates referable to his testimony but covered the entire month of September, 1945. Under Rule 66, Texas Rules of Civil Procedure, the matter of allowing a trial amendment is within the discretion of the trial court. We think no abuse of discretion is shown here. Southwestern Hotel Co. v. Rogers, Tex.Civ.App., 183 S.W.2d 751, affirmed 143 Tex. 343, 184 S.W.2d 835. Moreover, the allegation in appellant's original petition, towit, "on or about the 6th day of September, 1945," is legally sufficient to cover an injury occurring on any other day in that month. Texas & N. O. Ry. Co. v. Weens, Tex.Civ.App., 184 S.W. 1103, affirmed Tex.Com.App., 222 S.W. 972; Kerr v. Blair, 47 Tex.Civ.App. 406, 105 S.W. 548 (writ refused); Kent v. National Supply Co. of Texas, Tex.Civ. App., 36 S.W.2d 811 (writ refused); Kansas City Southern Ry. Co. v. Chandler, Tex. Civ.App., 192 S.W.2d 304 (writ refused, no reversible error). This point is overruled.

■ Appellant's third point asserts that the trial court erred in refusing to define the phrase "on or about the 6th day of September, 1945," as used in special issue No. 1. This special issue is: "Do you find from a preponderance of the evidence that plaintiff Willie Wright fell from defendant's bridge 119-A on or about 6th day of September, 1945?"

To which the jury answered "No." In our opinion this point presents no error. Rule 277, T.R.C.P., provides that: "In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues * * *."

We have found no case upon this exact question nor have we been furnished any by the parties. Appellee, however, cites the case of Roeser v. Coffer, Tex.Civ.App., 98 S.W.2d 275, Which holds that it is not necessary to define the word "near" when used in a special issue. The word "near" is similar in meaning to the phrase "on or about." In Oliver v. Forney Cotton Oil & Ginning Co., Tex.Civ.App., 226 S.W. 1094, 1098, it is held that it is not necessary to define the phrase "reasonable proximity thereto." In our opinion a definition of the phrase here under consideration would be more difficult for the jury to understand than the phrase itself. We certainly do not think that the definition or explanation offered by appellant, namely; "anytime within the month of September, 1945," should have been given for the obvious reason that it included the 5 days before the 6th of September and the 12 days after the 18th of September. There was no testimony of any sort in the record that the alleged injury to appellant occurred prior to September 6th or subsequent to September 18th. Had appellant's motion to amend simply included that part of the month of September beginning with September 6th and ending September 18th, another question would be presented here, but such is not the case.

■ By points 5 and 6 appellant complains of the arguments of appellee's counsel wherein they stated that the phrase "on or about 6th of September" was not on or about 18th day of September, 1945. Appellant in his oral deposition, which was admitted in evidence, was very positive that the accident occurred on September 6th, 1945. He gave as his reason for fixing such date the fact that immediately upon reaching home after the accident he marked the letter "X" opposite the figure 6 on the calendar. On the trial he was not so sure about his alleged injury having occurred on the 6th of September but said that it occurred on the last day that he worked, which

was shown to be the 18th day of September. Appellant's attorneys in their argument to the jury dwelt at some length on the meaning of the phrase "on or about September 18, 1945," as contained in the court's charge. Argument of appellee's attorneys complained of, in our opinion, can be considered nothing more than an answer to the argument of the appellant's attorneys. It was directed to the date appellant testified he fell off the bridge. Such an argument is not erroneous. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

We have carefully examined all other points advanced by appellant. They are without merit and are overruled.

The judgment of the trial court is affirmed.