Brad N. LAPSLEY, Trustee, et al., Appellants,

v.

John C. TATUM, Jr., Appellee.

No. 05-82-01240-CV.

Court of Appeals of Texas, Dallas.

Jan. 26, 1984.

---

Thomas P. Earls, Dallas, for appellants.

William Bennett Cullum, Cullum & De-Young, Dallas, for appellee.

Before GUITTARD, C.J., and ALLEN and ROWE, JJ.

GUITTARD, Chief Justice.

The seller in a real estate contract sued the purchaser to recover an escrow deposit. The purchaser counterclaimed for the deposit and for recovery of certain payments made to the seller. The principal issue at the trial was whether the seller could deliver marketable title. After a verdict favorable to the purchaser, the trial court denied the seller's claim and rendered judgment for the purchaser on his counterclaim. On appeal the seller contends that the verdict does not support the purchaser's affirmative recovery. The seller also complains of interest and an attorney's fee awarded to the purchaser. We affirm.

The contract is between Brad N. Lapsley, trustee for certain investors, as seller, and John C. Tatum as purchaser. The contract provides for nine option payments of $750 per month, to be applied to the purchase price, and, upon exercise of the option, for an escrow in the form of an endorsed certificate of deposit for $10,000 to be held by the title company until closing or termination of the contract. The contract further provides that if the seller is unable to convey marketable title, the purchaser may terminate the contract by written notice to the seller on or prior to the scheduled closing date, and, in that event, that all amounts paid by purchaser on the purchase price shall be refunded.

After the contract was signed, the purchaser paid $6750 in monthly option payments. The option was then extended in consideration of additional payments not to be applied to the purchase price. Within the option period as extended the purchaser exercised the option and deposited the $10,000 certificate in escrow. Before the time set for closing, the purchaser made a written objection to the title on the ground that the building on the property encroached on the street. This notice states:

> With the title in this state I do not see how I can purchase this property until these matters have been cleared up. I will permit delay of the closing for a reasonable time to permit the seller to cure these defects but otherwise this letter will serve as notice of termination pursuant to paragraph 10 of the contract and as my demand for return of $16,750 being $10,000 additional escrow and $6,750 escrow payments made between April 1, 1978 and December 31, 1978.

The seller made no effort to cure the objection and, instead, brought this suit, to which the purchaser responded by the answer and counterclaim. The escrow deposit of $10,000, together with accrued interest, was paid into the registry of the court. At the trial the evidence showed that the building encroached on the street by less than two feet.

Two special issues were submitted to the jury. These issues, with their answers, are as follows:

> 1. On October 31, 1979, could or could not BRAD N. LAPSLEY, TRUSTEE, deliver to JOHN C. TATUM, JR. good and marketable title to the property involved herein?
> Answer "He could" or "He could not".
> Answer: He could not.
> 2. On or before October 31, 1979, did JOHN C. TATUM, JR. waive any right that he might have had to reject the BRAD N. LAPSLEY, TRUSTEE, title because of the encroachment of the building on to the City right-of-way?
> Answer: No.

The instruction concerning the burden of proof, which precedes both issues, is as follows:

> Answer the questions "Yes" or "No" unless the instructions for a particular question require no answer to it or call for a different kind of answer. Each affirmative answer and any money amounts must be based on a preponderance of the evidence, otherwise answer "No" or "None".

No objection was made to this instruction or to the issues, and no complaint is made of insufficiency of the evidence to support the jury's answers.

The seller acknowledges that the jury's adverse findings preclude his recovery on the main claim, but he contends that the verdict does not support the court's award of affirmative relief to the purchaser on the counterclaim. He argues that the purchaser, who had the burden of proof on the counterclaim, waived any right to affirmative recovery by failing to request submission of any issues to support the theory of recovery presented in his pleading.

The purchaser replies that the court is authorized by rule 277 of the Texas Rules of Civil Procedure to submit an issue dis-

junctively when it is apparent that one or the other of the conditions or facts inquired about necessarily exists. Accordingly, the purchaser argues, the issue as submitted was proper because under the evidence the seller either could or could not deliver good and marketable title to the property.

We recognize the difficulty of the problem presented to the trial judge. On the main claim the seller had the burden to prove that he could deliver marketable title. On the counterclaim purchaser had the burden to prove that the seller could not deliver marketable title. If either of these propositions was true, the other was false. The issue, however, is not one like total or partial incapacity, the example of a disjunctive issue given in rule 277. The only disjunctive here is between affirmative and negative. The effect is the same as if the answer required had been "yes" or "no" rather than "He could" or "He could not." The case is simply one in which the plaintiff had the burden to secure an affirmative finding on the main claim and the defendant had the burden to secure a negative finding to the same issue on the counterclaim.

■ A proper solution of this problem would not be to submit the issue twice, once with the burden of proof on plaintiff Lapsley and then with the burden on defendant Tatum. This method would be confusing and might lead to a conflict of findings. Moreover, the parties are not entitled to have opposite issues submitted. *Wright v. Traders & General Insurance Co.*, 132 Tex. 172, 123 S.W.2d 314, 315–17 (1939).

■ Although this solution might be acceptable, neither party requested such a submission, and neither party objected to the issue as submitted. That issue is, in effect, an affirmative submission, with only the instruction, "Each affirmative answer ... must be based on a preponderance of the evidence." There is no instruction that the negative answer "He could not" must be based on a preponderance of the evi-

dence. Thus the burden of proof was misplaced with respect to the counterclaim. However, a misplaced burden of proof is not an error of which a party may complain for the first time after verdict. Such an error is waived in the absence of a timely objection. *Letsos v. HSH Inc.*, 592 S.W.2d 665, 668 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); *Cartwright v. Minton*, 318 S.W.2d 449, 454–55 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.); *Southwestern Hotel Co. v. Rogers*, 183 S.W.2d 751, 756 (Tex.Civ.App.—El Paso 1944) *aff'd* 143 Tex. 343, 184 S.W.2d 835 (Tex.1945).

■ In this case the judge and both parties understood that the issue in question was being submitted as a material issue bearing on both the main claim and the counterclaim. Tatum had no burden to request the opposite of the issue and, therefore, did not waive his counterclaim by failing to request the same issue with a negative burden of proof. *See, Wright v. Traders & General Ins. Co.*, 123 S.W.2d at 317. Consequently, we hold that the trial court properly allowed recovery on the counterclaim.

### *Interest on Escrow Deposit*

■ The judgment rendered by the trial court allowed the purchaser recovery of the escrow deposit of $10,000, with accrued interest, which had been paid into the registry of the court, and also for $6750, the nine monthly option payments which, according to the contract, were to be applied to the purchase price at closing. The seller does not complain of the award of the principal amount of $10,000, but contends that the interest on this deposit should be applied to the recovery of $6750. He argues that the deposit should be treated like a deposit in lieu of a supersedeas bond on appeal, the interest on which constitutes part of the deposit under rule 14c of the Texas Rules of Civil Procedure and thus is available to satisfy the judgment.

The analogy does not support the seller's contention in this respect. The judgment

properly treats the accrued interest on the deposit of $10,000 as part of the deposit, and provides no further interest on this amount. Since the deposit was made by the purchaser, and he is entitled to recover it back, the interest is properly awarded to him also. The only interest recovered against the seller is that on the $6750 in option payments, which the contract treats as purchase money.

*Prejudgment Interest on Purchase Money*

 The seller contends that the court erred in awarding prejudgment interest on the $6750 recovery because there is no jury finding supporting this recovery. This point goes to the basis of the purchaser's recovery of the $6750. The seller points out that the parties stipulated that the contract had been terminated, but did not stipulate that the contract was terminated by the purchaser pursuant to paragraph 10, which provides that if the seller is unable to convey marketable title to the property, the purchaser has an option to terminate the contract. The seller argues that only in the event of termination by the purchaser under paragraph 10 does the contract provide for refund of amounts paid on the purchase price and that there is no jury finding establishing termination under paragraph 10.

We conclude that the evidence establishes termination under paragraph 10 as a matter of law. The purchaser's letter gives express notice of termination under paragraph 10 and demands return of the purchase money. Although the letter states that a reasonable time will be given to cure the title defect, this condition, which was never met, must be construed as compliance with paragraph 15, which provides that if on the closing date there are title objections which have not been cured, the closing shall be postponed not less than five nor more than thirty days. Any notice of termination under paragraph 10 is necessarily conditional because that paragraph requires the notice to be given on or prior to the scheduled closing date and paragraph 15 requires postponement of the closing date if title defects remain uncured. Consequently, we hold that no fact issue is raised as to whether the contract was terminated in accordance with paragraph 10.

*Attorney's Fees*

The seller's point concerning the attorney's fees allowed by the trial court also goes to the grounds for recovery of the $6750 option payments. It is overruled for the same reasons.

Affirmed.