**James D. FORTNER, Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.**

No. 05–83–00584–CV

Court of Appeals of Texas, Dallas.

July 17, 1984.

Rehearing Denied Aug. 16, 1984.

---

Joe Longley, Austin, for appellant.

Kenneth R. Stein, Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

VANCE, Justice.

This is an appeal from a judgment for fraud rendered in favor of appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) against appellant James D. Fortner. Merrill Lynch, acting as Fortner's broker, made a margin call on Fortner in connection with a series of commodity futures transactions. Fortner gave Merrill Lynch a check for $68,000 to cover the margin call, which was subsequently returned for insufficient funds. Merrill Lynch then liquidated Fortner's positions in the commodities markets, with a net loss to Merrill Lynch of $60,933. Fortner executed a promissory note to Merrill Lynch in the amount of $60,933 and made payments of $1,100 on the note prior to defaulting. Merrill Lynch subsequently accelerated the note and filed suit to recover its damages based upon Fortner's failure to pay the note, and in the alternative, based upon Fortner's fraud. Fortner answered by general denial but failed to appear at trial, at

which time Merrill Lynch abandoned its claim based upon the note. The trial court entered judgment in favor of Merrill Lynch based upon its allegation of fraud and awarded it actual damages of $59,833 plus exemplary damages of $59,833. Fortner appeals from this judgment.

On appeal, Fortner brings ten points of error. He contends that the trial court erred in rendering judgment for Merrill Lynch because: (1) a fatal variance exists between Merrill Lynch's pleadings and proof; (2) Merrill Lynch failed to prove all the elements of fraud necessary to support the judgment; (3) there is no evidence, or alternatively, insufficient evidence, to support the finding that Fortner represented to Merrill Lynch that the check was "good" at the time it was issued; (4) there is no evidence, or alternatively, insufficient evidence, to support the finding that Fortner willfully and maliciously deceived and injured Merrill Lynch; (5) there is no evidence, or alternatively, insufficient evidence, to support the award of exemplary damages; (6) as a matter of law, exemplary damages may not be recovered for a breach of contract; and, (7) $59,833 in exemplary damages is excessive. We disagree with all these contentions and thus affirm the judgment of the trial court.

In points of error one and two Fortner complains that a fatal variance exists between Merrill Lynch's pleadings and proof, and furthermore, that Merrill Lynch failed to plead and prove all of the elements of fraud necessary to support the judgment. More specifically, Fortner complains of the portion of Merrill Lynch's pleadings stating that "Plaintiff would show that *on or about March* 24, 1981, Defendant represented to Plaintiff that the said check in the amount of $68,000 was effective payment for the margin call...." (emphasis added). Fortner contends, first, that the allegation in the pleadings of a false representation occurring on or about *March* 24, 1981, is at variance with the proof adduced at trial complaining of a misrepresentation on *April* 24, 1981. Fortner contends this variance is a fatal one, and thereby the pleadings did not constitute fair or ade-

quate notice to him of Merrill Lynch's cause of action. We disagree.

In order to constitute a fatal variance between the pleadings and proof the divergence must be substantial, misleading, and prejudicial. *Kleber v. Pacific Avenue Garage*, 70 S.W.2d 812, 814 (Tex.Civ.App. —Dallas 1934, writ dism'd). Furthermore, in post-answer default cases such as this one, mere formalities, minor defects, and technical insufficiencies will not invalidate the judgment if the petition states a cause of action and gives fair notice to the opposing party of the relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979). The pleadings in this case allege that the misrepresentation by Fortner occurred *"on or about"* March 24, 1981. The evidence adduced at trial established that the check was given to Merrill Lynch on April 24, 1981, which is also the date on the check. The term "on or about," with respect to a specified date, means generally in time around the date specified. *Texas & N.O.R. Co. v. Weems*, 184 S.W. 1103, 1104 (Tex. Civ.App.—Texarkana 1916, *aff'd* 222 S.W. 972 (Tex.Comm.App.1920). The courts have so held, upholding variances in dates between the pleadings and proof of as much as a month. *Id.* at 1104.

As we have stated, pleadings are sufficient if they give fair notice of a cause of action. 578 S.W.2d at 683. Merrill Lynch's pleadings clearly alleged that the conduct of Fortner constituted fraud, by virtue of his representation that on the date of delivery the $68,000 check was effective payment for the margin call. This pleading constituted fair notice of the cause of action alleged by Merrill Lynch, and no fatal variance between the pleadings and proof exists. Point of error one is overruled.

Next, Fortner contends that Merrill Lynch failed to plead and prove all elements of fraud necessary to support the judgment. Specifically, he contends that since Merrill Lynch pleaded that the check was given on March 24, 1981, but the evidence at trial showed it was dated April 24,

1981, that the check must have been post-dated. Therefore, he contends that Merrill Lynch failed to allege false statements of *existing facts* regarding the check, and thus failed to allege and prove all the necessary elements of fraud. This contention is without merit. Merrill Lynch proved that on April 24, 1981, Fortner falsely represented to it that his $68,000 check was effective payment for the margin call. Furthermore, evidence was adequately presented that Fortner knew this representation was false at the time he made it.' This representation was made with the intent that Merrill Lynch should rely and act on it, which it did to its detriment. We find nothing lacking in Merrill Lynch's proof of fraud. As already stated, the variation in dates between pleading and proof was not substantial and therefore not fatal. Fair notice was afforded to Fortner. Point of error two is overruled.

▇▇▇ Fortner next contends that there was either no evidence, or, in the alternative, insufficient evidence, to support several of the trial court's findings. In addressing no evidence points of error we must view the evidence in its most favorable light in support of the trial court's finding, considering only the evidence and inferences which support the finding. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696, 697–98 (1914). The findings should then be set aside only when the record discloses that the evidence offered to prove a vital fact is no more than a scintilla. However, when addressing insufficient evidence points of error, we must consider and weigh all the evidence in the case and set aside the finding only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (Tex. 1951).

▇▇▇ Fortner first challenges the court's finding which stated that he had represented to Merrill Lynch that his check for $68,000 to it for the margin call was effective payment, i.e. that the check was

good, at the time it was issued. Chris Robinson, a sales assistant for Merrill Lynch, testified that Mr. Fortner gave her the check on April 24, 1981. Ms. Robinson then testified that Fortner represented to her that the tendered check was effective payment for the margin call. Fortner contends, however, that his answers to Merrill Lynch's interrogatories, introduced into evidence by Merrill Lynch, dispute this evidence since, in his interrogatories, he stated that he never represented to Merrill Lynch that there were sufficient funds in his checking account to cover the $68,000 check. In a nonjury case, the trial court is the judge of the credibility of the witnesses and of the weight to be given their testimony, since he has the opportunity to observe the demeanor of the witnesses on the stand and he may believe all, none, or part of the witnesses' testimony. *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.). The trial court's findings of fact will not be disturbed on appeal if supported by any evidence of probative force. *Home State Bank v. Cavett*, 518 S.W.2d 584, 586 (Tex. Civ.App.—Austin 1975, no writ). The evidence is sufficient to support the trial court's finding. Points of error three and four are overruled.

Fortner next attacks the court's finding that Fortner knowingly and intentionally misrepresented the effectiveness of the $68,000 check, intending Merrill Lynch to rely upon such false representation, and, therefore, willfully and maliciously deceived and injured Merrill Lynch. Fortner primarily contends this evidence is insufficient to support the finding of malice by the trial court. We disagree.

▇▇▇ Malice may be actual or implied. *See Evans v. McKay*, 212 S.W. 680, 689 (Tex.Civ.App.—Dallas 1919, writ dism'd). While actual malice is characterized by ill will or an intent to injure, *Clements v. Withers*, 437 S.W.2d 818 (Tex.1969), implied or legal malice exists when wrongful conduct is intentional and without just cause or excuse. *Webb v. Cooks', Waiters' & Waitresses' Union No. 748*, 205 S.W.

465, 468 (Tex.Civ.App.—Fort Worth 1918, writ ref'd). The evidence adduced at trial established that Fortner gave Merrill Lynch a check for $68,000 and represented that the check was effective payment for the margin call. There was further evidence that Fortner knew the check would not clear the bank on the date it was issued. Finally, the evidence showed that Merrill Lynch was injured by Fortner's actions due to the decrease in the market position of Fortner's holdings between the date of the check's issuance and its return by the bank for insufficient funds. This evidence shows intentional conduct without just cause. Accordingly, the court's finding of malice is supported by sufficient evidence. Points of error five and six are overruled.

▮ Fortner also challenges the trial court's award of $59,833 in exemplary damages to Merrill Lynch based upon the willful and malicious conduct of Fortner. Fortner first contends that the evidence is insufficient to establish malice, which, he states, is a prerequisite to an award of exemplary damages in a fraud action. *See Hennigan v. Harris County,* 593 S.W.2d 380, 385 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); *William B. Roberts, Inc. v. McDrilling Co.,* 579 S.W.2d 335, 340 (Tex. Civ.App.—Corpus Christi 1979, no writ). We disagree. We have already concluded that the evidence sufficiently established malice on Fortner's part in this case; therefore, since malice will support an award of exemplary damages, the trial court did not act erroneously. Furthermore, evidence of conscious indifference to the rights of others is sufficient for an award of exemplary damages. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 933 (Tex.1983). There was evidence presented at trial that Fortner was aware, at the time he gave Merrill Lynch the $68,000 check, that there were insufficient funds to cover it at the bank. He falsely represented to Merrill Lynch that the check was effective payment in order to prevent Merrill Lynch from closing out his future holdings, to the detriment of Merrill Lynch. This is some evidence to support a finding of conscious indifference

by Fortner for the rights of Merrill Lynch and thereby support the court's award to Merrill Lynch of $59,833 in exemplary damages. Points of error seven and eight are overruled.

Finally, Fortner contends that the court's award of exemplary damages to Merrill Lynch was erroneous because Merrill Lynch only established a cause of action for breach of contract by Fortner, not fraud. Specifically, Fortner argues that since Merrill Lynch accepted the note, and Fortner then defaulted, the damage occurred as a result of the breach of the contract on the note, not from the fraud. Fortner thus contends that no malice can be shown and, therefore, as a matter of law, no exemplary damages may be awarded. We disagree.

▮ Based upon Fortner's brief and oral argument to this court, we conclude that Fortner's contention is that there was an accord and satisfaction of Merrill Lynch's cause of action for fraud against Fortner due to Merrill Lynch's agreement to accept Fortner's promissory note in payment of his debt to Merrill Lynch. An accord is simply an agreement whereby one of the parties undertakes to perform and the other party agrees to accept in satisfaction of a liquidated or unliquidated claim arising out of either contract or tort, something other than what the party considers himself entitled to, while a satisfaction is the execution or performance of that agreement. *Blaylock v. Akin,* 619 S.W.2d 207, 210 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.); *Harris, Upham, & Co. v. Ballantyne,* 538 S.W.2d 153 (Tex.Civ.App.—Dallas 1976, no writ). Accord and satisfaction is an affirmative defense which must be specifically pleaded, *Rutherford v. Page, Southerland & Page,* 429 S.W.2d 602, 609–10 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); TEX.R.CIV. P. 94, and the burden of establishing the affirmative defense is upon the party asserting it. *Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex. 1979). Fortner failed to specifically plead accord and satisfaction as required by the

rules of civil procedure, thus this affirmative defense may not be raised for the first time on appeal. *Copeland Well Service, Inc. v. Shell Oil Co.*, 528 S.W.2d 317, 321 (Tex.Civ.App.—Tyler 1975, no writ). Accordingly, point of error nine is overruled.

As point of error ten, regarding the excessiveness of the exemplary damages, was neither briefed nor argued we do not address it.

Judgment affirmed.