SHELL OIL COMPANY et al., Petitioners,

v.

Nonie Angeline CHAPMAN, Ind. and as Executrix, Respondent.

No. C–3147.

Supreme Court of Texas.

Dec. 19, 1984.

Evans, Moses & Barkley, Richard N. Evans, Beaumont, Burt Ballanfant, Houston, for petitioners.

George Bishop, Douglas R. Drucker, Houston, for respondent.

KILGARLIN, Justice.

We granted Shell Oil Company's application for writ of error to decide whether S & R Oil Company should be jointly and severally liable with Shell for damages arising out of a jury finding of negligence against both of them. We likewise granted S & R Oil Company's application to determine if a separate finding of damages under a deceptive trade practice theory constituted double recovery to the plaintiff, Nonie Angeline Chapman.

Mrs. Chapman had originally sued for damages to diesel trucks which she owned jointly with her deceased husband, Bobby Chapman, as a result of using .lubricating oil manufactured by Shell and distributed by S & R. The trial court judgment was favorable to Mrs. Chapman. The court of appeals, in an unpublished opinion, ordered a small remittitur, and after Mrs. Chapman complied, the trial court judgment was affirmed. We modify that judgment to provide for joint and several liability, and, as modified, we affirm the judgments of the courts below for Mrs. Chapman. We sever and remand to the trial court indemnity and contribution issues as between Shell and S & R.

The facts are as follows: Shell manufactured a certain amount of lubricating oil, packaged it in five gallon cans, and labeled it "Shell Rimula 30." Thereafter, Shell discovered that instead of being 30 weight oil, part of the packaged oil was 10 weight. Shell sold the oil to S & R in the original 30 weight packages. S & R knew of the mislabeling and intended to refine the oil back into genuine 30 weight oil. However, S & R sold the oil, still packaged as "Shell Rimula 30." Bobby Chapman, not knowing of the mislabeling, subsequently bought the oil, used it on his trucks, and the trucks eventually developed mechanical problems.

After Chapman's death, his wife brought suit for negligence, products liability, breach of warranty, and violation of the Deceptive Trade Practice Act. Summary judgment was granted Shell on the DTPA cause. A jury found S & R guilty of certain deceptive trade practices, found that it had breached warranties, both express and implied, and that such DTPA violations and breaches were a producing cause of plaintiff's actual damages. The first of two actual damage issues answered by the jury was conditioned upon affirma-

tive replies to the DTPA and warranty theories. The jury answered a second damage issue which was conditioned upon findings of negligence and proximate cause. The jury additionally found exemplary damages against both Shell and S & R and, finally, made an award of attorney fees.

The trial court trebled the DTPA damages against S & R and Mrs. Chapman waived her recovery of exemplary damages as to S & R. The trial court judgment assessed all of the damages for negligence against Shell, with no provision for joint and several liability. The trial court judgment for Mrs. Chapman against S & R was for $99,300 ($28,100 trebled = $84,300 + $15,000 attorney fees). The trial court judgment for Mrs. Chapman against Shell was $43,100 ($28,100 actual damages + $15,000 punitive damages). The court of appeals found there to be insufficient evidence to support $1,600 lost profits findings against both defendants; Mrs. Chapman filed a remittitur as to these amounts; and, the judgment of the court of appeals, after the reduction, affirmed the trial court judgment.

■ During oral argument before this court, Mrs. Chapman conceded that the trial court had erred in failing to make the defendants jointly and severally liable for the damages award for negligence. The concession was proper, as the trial court judgment was erroneous in not allowing contribution between joint tortfeasors. Tex.Rev.Civ.Stat.Ann. art. 2212.

■ S & R's points of error may be summarized as a complaint that the award of damages for deceptive trade practices was a double recovery of the award of damages for negligent acts. While it is true that the answer by the jury was the same for both damage issues, both damage issues were predicated upon affirmative answers to two sets of inquiries, one as to DTPA violations and the other as to negligence. In any event, we do not feel compelled to pass upon S & R's points of error in regards to the award of damages because they have failed to preserve error, if any. No objections were made to the charge nor did either S & R or Shell request any special issues to fill in gaps now alleged to have existed in the jury charge.

■ The submission of damage issues conditioned on liability findings, although erroneous, produced answers clearly indicating the jury's intent to find separate damages for the deceptive trade violations and for negligence. As to the DTPA, the jury found S & R guilty of certain proscribed conduct; found that conduct to have been a producing cause of damages to Mrs. Chapman; and, found an amount of damages. While the first damage issue did not limit the jury's answer to damages for deceptive trade practice violations solely, as neither S & R nor Shell objected, the trial court judgment should be properly upheld even if there was one missing link in the chain of questions. Tex.R.Civ.P. 279.

Finally, S & R complains that Mrs. Chapman is not entitled to recover under the Deceptive Trade Practice Act because damages do not survive to the estate of one victimized by the deceptive acts. In support of this argument, it relies upon *First National Bank of Kerrville v. Hackworth*, 673 S.W.2d 218 (Tex.App.—San Antonio 1984, no writ). We do not pass upon this point, and reserve to another day discussion of survival of DTPA damages. The judgment clearly indicates that the damages recovered were part of the Chapmans' community estate. The evidence shows that the trucks which were damaged by use of the mislabeled oil were the Chapmans' community property.

We modify the court of appeals' judgment to provide that in addition to the other damages awarded, Nonie Chapman shall have and recover from Shell Oil Company and S & R Oil Company, jointly and severally, the sum of $26,500, the same being the amount awarded for the negligent conduct of both defendants, less the remittitur made in the court of appeals. As modified, the judgment of the court of appeals is affirmed as to Nonie Chapman. We sever and remand to the trial court the

**260**

contribution and indemnity issues between Shell Oil Company and S & R Oil Company.