**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,**

v.

**Clinton Douglas PRUITT, Appellee.**

No. 12–87–00101–CV.

Court of Appeals of Texas, Tyler.

March 31, 1988.

---

9. As modified by current Tex.Code Crim.Proc. Ann. art. 44.29, Act of May 26, 1987, ch. 179, § 1, 1987 Tex.Sess.Law Serv. 2711, 2712 (Vernon).

Patricia M. Charlton, Asst. Atty. Gen., Austin, for appellant.

Mark Mann, Wellborn, Houston, Adkison & Mann, Henderson, John R. Smith, Center, for appellee.

BILL BASS, Justice.

This is a personal injury action. We reverse and remand.

Clinton Pruitt suffered serious injuries when his motorcycle struck a pot hole on State Highway 59 in the city of Timpson, flipped over, and sent Pruitt skidding a long distance down the pavement on his stomach.

Pruitt brought suit under the Texas Tort Claims Act against both the State and the city of Timpson. The State filed a cross-action against the City for contribution. After Pruitt had rested, the City settled with Pruitt for $10,000, and the trial court dismissed his action against the City. At the close of the State's evidence, the trial court granted, over the State's objection, the City's motion to withdraw the State's case against the City from the jury and directed a verdict for the City on the State's cross-action. The trial court subsequently refused to include in its charge the State's requested issues submitting the question of the existence and amount of the City's negligence to the jury. After the refusal of its requested issues but before the submission of the charge to the jury, the State filed its request with the court asking that it be given credit in any judgment rendered against it in the amount of the $10,000 settlement of the City with Pruitt. During its deliberations the jury sent a note to the judge saying that they felt both the City and State were negligent and asking why the City had been "ruled out." The court replied that they were to be governed by the instructions in the charge and should proceed to answer the questions submitted to them. In its verdict the jury apportioned negligence 100% to the State, none to the plaintiff Pruitt.

In its two points of error, the State contends first that "[t]he trial court erred in granting an instructed verdict for the City ... for the reason that the evidence raises a material issue of fact," the City's negligence. In its second point the State maintains the trial court erred in not submitting its requested issues inquiring into the City's negligence.

■ Although the record indicates that a State crew probably made the last attempt to repair the hole before the accident, it is clear from the record that the City created the hole and had refilled it on several occasions. It is also uncontroverted that the City failed to notify the Highway Department of the utility repair as required by the

agreement between the City and the State so that the State could oversee the repair. Plainly, there was ample evidence to raise the issue of the City's negligence.

Pruitt and the City argue that the directed verdict was justified because they contend the State alleged that the City's acts of negligence occurred on February 18, whereas it was conclusively shown at trial that the allegedly negligent acts took place on February 15. In the view of Pruitt and the City, this was a fatal variance between the pleadings and the proof, its pivotal importance demonstrated by the emphasis placed on the incorrect date by the State's attorney in his voir dire, opening statement, and presentation of the evidence. The State counters that the divergence between the pleadings and the proof was not so substantial, misleading, and prejudicial as to be fatal, citing *Fortner v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 687 S.W.2d 8 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Despite the embarrassing and erroneous stress laid upon the incorrect date by the attorney for the State, a three-day difference from a date alleged as "on or about" can hardly be fatal under our facts.

However, we are unable to locate the variance which the parties assume exists. We have attempted to carefully read the State's cross-action against the City, and while we find a recital that both the State and the City have sued for injuries allegedly sustained in an accident that occurred on or about February 18, 1985, there is absolutely no allegation in the pleadings of the date when the negligent acts and omissions of the cross-defendant City were committed. In the absence of an allegation of a date in the cross-action, it is obvious that there can be no variance between the date pleaded and the dated proved.

The issue of cross-defendant City's negligence was raised, and it was error to dismiss the State's cross-action for contribution. The State's first point is sustained.

The determination of the harmfulness of the trial court's error in dismissing the State's cross-action, as well as the resolution of the State's second point urging error by the trial court in failing to submit the question of the City's negligence to the jury, is governed by Tex.Civ.Prac. & Rem. Code Ann. §§ 33.014 and 33.015 (Vernon 1986), *amended by* Tex.Civ.Prac. & Rem. Code Ann. §§ 33.014 and 33.015 (Vernon Supp.1988).[1]

§ 33.014. Settlement: Tort–Feasor Not Party Defendant

If the existence and amount of an alleged joint tort-feasor's negligence are not submitted to the jury because the tort-feasor has paid an amount in settlement to a claimant and was not joined as a party defendant or having been joined, was dismissed or nonsuited after settling, each defendant is entitled to deduct from the amount for which he is liable to the claimant a percentage of the amount of the settlement based on the ratio of the defendant's negligence to the total negligence of all defendants.

§ 33.015. Settlement: Tort–Feasor Party Defendant

If an alleged joint tort-feasor settles with a claimant but is joined as a party defendant when the case is submitted to the jury so that the existence and amount of his negligence are submitted to the jury and his percentage of negligence is found by the jury, the settlement is a complete release of the portion of the judgment attributable to him.

Contribution claims between named defendants must be determined in the primary suit. *Amoco Chemicals Corp. v. Malone Service Co.*, 712 S.W.2d 611 (Tex.App.—Houston [1st Dist.] 1986, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 33.017 (Vernon 1986). Under 33.015 the plaintiff's recovery may be reduced in conformity with the percentage of comparative negligence assessed by the jury against the settling defendant. However, 33.015 requires that the settling tort feasor be re-

---

1. Act of June 16, 1985, ch. 959, § 1, 1985 Tex. Gen.Laws 3242, 3271, amended by Act of June 16, 1987, ch. 2 § 2.11, 1987 Tex.Sess.Law Serv. 82–83 (Vernon) (now codified as Tex.Civ.Prac. & Rem.Code Ann. § 33.015 (Vernon Supp. 1988)).

tained as a party to the suit if its negligence is to be submitted to the jury. *Deal v. Madison*, 576 S.W.2d 409 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). If, after settlement, the settling defendant is dismissed or nonsuited, the nonsettling defendant is entitled to a credit in the amount of the settlement under 33.014. Therefore, in order to obtain a proportionate reduction of the claimant's recovery based upon the percentage of negligence apportioned by the jury to the settling defendant, the nonsettling defendant must pursue its claim for contribution against the settling defendant so that the settling party's negligence may be submitted to the jury. The cases assume that until the case is submitted to the jury, the nonsettling defendant retains the option to seek a proportionate reduction by pursuing the contribution claim or to take a dollar-for-dollar credit by foregoing its action for contribution. *Cypress Creek Utility Service Co., Inc. v. Muller*, 640 S.W.2d 860, 866 (Tex.1982); *McAllen Kentucky Fried Chicken No. 1, Inc. v. Leal*, 627 S.W.2d 480 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Deal v. Madison*, 576 S.W.2d at 417.

The retention in the lawsuit of a settling defendant as a condition to a jury determination of his negligence has been condemned as illogical and unnecessary, but there seems no question that it remains the law in pure negligence cases governed by our comparative negligence statutes. *See Acord v. General Motors*, 669 S.W.2d 111 (Tex.1984).

The evidence raised the issue of the settling defendant's negligence. The State followed the prescribed statutory procedure by attempting to pursue its contribution claim against the City so that it might obtain a proportionate reduction of the claimant's damages based upon a jury's finding of the City's percentage of comparative negligence. The State strenuously opposed the directed verdict against it in its cross-action against the City. Even after the City was effectively dismissed as a party, the State requested issues submitting the City's negligence.

The appellees argue that the State's letter asking for a credit in the amount of the settlement was an election to take a dollar-for-dollar credit acted as a waiver of the State's right to complain of the trial court's failure to submit the question of the City's negligence to the jury.

The doctrine of election assumes the existence of a choice between two incompatible alternatives. After the dismissal of its cross-action against the City, the State had no choice. In dismissing the City as a party, the trial court stripped itself of the power under 33.015 to submit the City's negligence to the jury. At every appropriate moment the State indicated its election to retain the City as a party so that the jury could determine the City's comparative negligence. After the improper dismissal of the City, no alternative remained but to accept a credit in the amount of the settlement. Even so, the State persisted in requesting jury issues on the existence and extent of the City's negligence. Denied the right to have a proportionate reduction of Pruitt's damages according to the jury's assessment of the City's comparative negligence, the State was bound to receive a credit in the amount of the settlement in any event. Tex.Civ.Prac. & Rem.Code Ann. § 33.014 (Vernon 1986), *amended by* Tex.Civ.Prac. & Rem.Code Ann. § 33.014 (Vernon Supp.1988). The State's letter effected no election and no waiver resulted.

Appellees also argue that the trial court acted properly in dismissing the State's action for contribution against the City because there is no right to contribution against a defendant who is not himself liable to the plaintiff. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547 (Tex. 1981). Pruitt's petition averred that his action against both the City and the State was brought under the Texas Tort Claims Act. The Act provides that a city may not be sued under its provisions for the negligent discharge of a proprietary function. Tex.Civ.Prac. & Rem.Code Ann. § 101.058 (Vernon 1986). Municipal street maintenance is a proprietary function and the City may not be sued under the Tort Claims Act for its negligent performance. *Turvey v.*

*City of Houston,* 602 S.W.2d 517 (Tex. 1980).

However, Pruitt had a common-law negligence cause against the City. Both the City and the State introduced evidence of the other's negligent maintenance of Highway 59 without objection. The issue had already been tried by consent at the time of the cross-action's dismissal. The trial court's dismissal of the State's contribution claim cannot be supported on this ground.

■ In a multiple defendant case, when one defendant is not found negligent by the jury and an appeals court leaves that finding intact, remand is improper for the defendant whose lack of negligence has been determined. *Methodist Hospitals of Dallas v. Sullivan,* 714 S.W.2d 302 (Tex.1986). In the present case, Pruitt's negligence and damages were submitted to the jury. The jury found no negligence on the part of Pruitt and assessed his damages at $172,-000. The case was fully developed before the jury. The law does not require that we disturb these findings. Fundamental fairness argues against it. However, since we have held that the trial court reversibly erred in dismissing the contribution claim thereby precluding the submission of the City's negligence to the jury, the finding that the State was 100% negligent must be set aside. It would be unjust to require the plaintiff to relitigate the questions of his negligence and damages when the court's error related only to the State's cross claim against the City.

An interlocutory order withdrawing from the jury the State's cross-action for contribution against the City and granting a take-nothing judgment against the State was signed January 14, 1987. That order became merged with the final judgment signed on February 20, 1987, although not expressly incorporated in the judgment.

Therefore, pursuant to Tex.R.App.P. 80(b)(c), we reverse the judgment and remand the cause for trial only of the issues of the comparative negligence of the State and City. We set aside the jury's finding in Special Issue No. 17 that 100% of the negligence that caused the accident was attributable to the State. Otherwise, the jury's verdict is undisturbed.

The trial court is instructed on remand to conduct the trial on the comparative negligence issues before a jury if timely requested by any party in the cause. The trial court's judgment shall be in the amount of $172,000, in conformity with the jury's verdict filed in the cause January 14, 1987, reduced by the City's percentage of negligence, if any, as determined by the trier of fact. *See Shell Oil Co. v. Chapman,* 682 S.W.2d 257 (Tex.1984).

COLLEY, J., not participating.